THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. NELSON CURTIS *et al.*

1. JUSTICE'S COURT — *Bill of Particulars — Amendment on Appeal.*
   Where the plaintiffs' bill of particulars in a justice's court sets forth
   two causes of action, without separately stating or numbering them,
   and may also not be as definite and certain as a petition in the dis-
   trict court should generally be, and the case is tried upon such bill
   of particulars in the justice's court, and judgment is rendered, and
   an appeal is taken to the district court, and the defendant then files
   a motion asking the court to require the plaintiffs to separately state
   and number their several causes of action and to make their bill of
   particulars more definite and certain, and the court overrules the
   motion, *held*, not error.

2. ———— *Judgment, Modified.* Where the plaintiffs' bill of particu-
   lars in such case alleges that $20 is a reasonable attorney's fee, and
   prays judgment for that amount, but in the district court judgment
   is rendered for $50 as an attorney's fee, *held*, error, and that the
   judgment must be so modified as to reduce the amount to $20.

*Error from Greenwood District Court.*

THE material facts are stated in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

*Clogston, Hamilton, Fuller & Cubbison,* for defendants in
error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced before a
justice of the peace of Greenwood county, on November 10,
1888, by Nelson Curtis, Albert Curtis, and Frank Curtis,
partners doing business under the firm-name of Curtis Bros.,
against the St. Louis & San Francisco Railway Company, to
recover for damages caused by fires occurring October 10,
1888, and November 1, 1888, and originating from the opera-
tion by the defendant of its line of railroad. After judgment
in the justice's court, the case was appealed to the district
court. Afterward, and on February 1, 1889, the case was

tried before the court and a jury, and the jury rendered a general verdict in favor of the plaintiffs and against the defendant, for $200, and also made special findings in favor of the plaintiffs and against the defendant, finding that the damages caused by the fire of October 10 amounted to $172, and that the damages caused by the fire of November 1 amounted to $5, and the court found that a reasonable attorney's fee was $50; and the court rendered judgment in favor of the plaintiffs and against the defendant for $177 damages and $50 attorney's fee, and for costs of suit; and the defendant, as plaintiff in error, brings the case to this court for review.

The first objection to the rulings of the court below presented by the plaintiff in error, defendant below, is the overruling of the motion of the defendant below to require the plaintiffs to separately state and number their several causes of action, and to make their bill of particulars more definite and certain, by stating the negligence relied on, the kind of train from which the fires were set out, and the time when the fires were set out. The plaintiffs' bill of particulars was filed in the justice's court on November 10, 1888. Evidently a final judgment was rendered in that court, for otherwise no appeal could have been taken to the district court; and from the brief of counsel on the other side it appears that there was a trial in that court and that it was the defendant that appealed, though the record does not show this. Evidently the defendant knew just what the plaintiffs relied on. It is true the plaintiffs' bill of particulars stated two causes of action without separately stating or numbering them, and the bill of particulars may not have been as definite and certain as a petition in the district court ought generally to be; but, as before stated, the defendant evidently knew just what the plaintiffs relied on, and it would have been a purely technical requirement to have required the plaintiffs to amend their bill of particulars as desired by the defendant. For the purposes of justice, it was wholly unnecessary that the amendment should be made. Besides, the statute provides that in all cases of appeal from a justice of the peace to the district

court "the case shall be tried *de novo* in the district court, upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made or new pleadings to be filed." (Justices' Act, § 122.)   The defendant's motion was not filed until January 14, 1889.   We think no error was committed by the court below in overruling it.

It is also claimed that the court below erred in instructing the jury.   Now, taking only that isolated portion of one of the instructions referred to and quoted in the brief of counsel, it would be subject to criticism; but, taking the whole of the instruction and the entire charge of the court to the jury, we do not think that it is possible that the jury could have been misled, and therefore the error, if any was committed, is immaterial.

It is further claimed that the court below erred in rendering judgment against the defendant for $50 as an attorney's fee, when the plaintiffs in their bill of particulars stated that $20 was a reasonable attorney's fee, and prayed for judgment for that amount only.   We think in this respect the contention of the plaintiff in error, defendant below, must be sustained.

There are other questions presented by counsel for the plaintiff in error, defendant below, which for reasons not necessary to state we need not consider.

The judgment of the court below with regard to damages will be affirmed, and with regard to attorney's fee it will be modified by reducing the amount to $20.

All the Justices concurring.